**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, Inc., <br><br> Plaintiff, <br><br> v. <br><br> ONO PHARMACEUTICAL CO., LTD., TASUKU HONJO, E. R. SQUIBB & SONS, L.L.C., AND BRISTOL-MYERS SQUIBB, CO., <br><br> Defendants. | Civil Action No. 1:15-cv-13443-MLW |

**MEMORANDUM IN SUPPORT OF DEFENDANTS E. R. SQUIBB & SONS, L.L.C., BRISTOL-MYERS SQUIBB CO. AND DR. TASUKU HONJO'S**
**<u>MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ..................................................................................3

    A.    The Parties ..............................................................................................3

    B.    The Honjo Patents...................................................................................3

    C.    The Ownership of and Interest in the Honjo Patents ..............................4

III.  APPLICABLE LAW ...........................................................................................5

    A.    Motions to Dismiss Under Rule 12(c) ....................................................5

    B.    A "Required Party" Under Rule 19(a) ....................................................6

    C.    An "Indispensable Party" Under Rule 19(b) ..........................................6

    D.    The Remedy for an Inventorship Challenge Under 35 U.S.C. § 256 .....7

IV.   THIS CASE SHOULD BE DISMISSED FOR FAILURE TO JOIN ONO, AN
       INDISPENSABLE PARTY AND OWNER OF THE HONJO PATENTS ........8

    A.    Ono Is a "Required Party" Under Rule 19(a) .........................................8

    B.    Ono Is an Indispensable Party under Rule 19(b) ....................................9

        1.    Any adverse judgment would substantially prejudice Ono's rights...........10

        2.    There is no way to lessen or avoid that prejudice .....................................11

        3.    Judgment rendered in Ono's absence will not be adequate .......................11

        4.    The plaintiff has a readily-available forum in Delaware ...........................14

V.    CONCLUSION...................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A123 Sys., Inc. v. Hydro-Quebec*,
626 F.3d 1213 (Fed. Cir. 2010)..........................................................................................5, 13

*Acton Co. v. Bachman Foods, Inc.*,
668 F.2d 76, 78 (1st Cir. 1982)..............................................................................................13

*Ali v. Carnegie Inst. of Wash.*,
306 F.R.D. 20 (D.D.C. 2014)............................................................................................10, 11

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
434 F.3d 1336 (Fed. Cir. 2006)................................................................................................8

*B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*,
516 F.3d 18 (Fed. Cir. 2008)........................................................................................9, 11, 12

*Class v. Commonwealth of Puerto Rico*,
309 F. Supp.2d 235, 236 (D.P.R. 2004)....................................................................................5

*Downing v. Globe Direct LLC*,
806 F. Supp. 2d 461 (D. Mass. 2011) ...................................................................................5, 6

*Eli Lilly & Co. v. Aradigm Corp.*,
376 F.3d 1352 (Fed. Cir. 2004)................................................................................................7

*Ethicon, Inc. v. U.S. Surgical Corp.*,
135 F.3d 1456 (Fed. Cir. 1998)................................................................................................7

*Falana v. Kent State Univ.*,
669 F.3d 1349 (Fed. Cir. 2012)................................................................................................7

*Gray v. Evercore Restructuring L.L.C.*,
544 F.3d 320 (1st Cir. 2008)....................................................................................................5

*In re Cambridge Biotech Corp.*,
186 F.3d 1356 (Fed. Cir. 1999)................................................................................................9

*In re Olympic Mills Corp.*,
477 F.3d 1, 9 (1st Cir.2007)......................................................................................................9

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
475 F.3d 1256 (Fed. Cir. 2007)..........................................................................................7, 10

*Navico Inc. v. Garmin Int'l, Inc.*,
 No. 14-CV-0303-CVE-TLW, 2016 U.S. Dist. LEXIS 5273 (N.D. Okla. Jan. 15,
 2016) ........................................................................................................................12

*Picciotto v. Cont'l Casualty Co.*,
 512 F.3d 9 (1st Cir. 2008) ...........................................................................5, 7, 11, 13

*Provident Tradesmens Bank & Trust Co., v. Patterson*,
 390 U.S. 102 (1968) ..................................................................................................11

*Sarvis v. Polyvore, Inc.*,
 No. CV 12-12233-LTS, 2015 U.S. Dist. LEXIS 140415 (D. Mass. Aug. 24, 2015) ...............5

*Stark v. Advanced Magnetics, Inc.*,
 119 F.3d 1551 (Fed. Cir. 1997) .................................................................................11

*Terumo Ams. Holding, Inc. v. Tureski*,
 No. CV 14-13838-DJC, 2015 U.S. Dist. LEXIS 97592 (D. Mass. July 27, 2015) ..................5

*Trovan, Ltd. v. Sokymat Sa*,
 299 F.3d 1292 (Fed. Cir. 2002) .................................................................................12

*Univ. of Utah v. Max–Planck–Gesellschaft Zur Forderung Der Wissenschaften E.V.*,
 734 F.3d 1315 (Fed. Cir. 2013) .................................................................................10

**STATUTES**

35 U.S.C. § 256 ...............................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ...........................................................................................................5

Fed. R. Civ. P. 19 ...................................................................................................6, 7, 8, 9

## I.    INTRODUCTION

Pursuant to Rules 12(c) and 19(b) of the Federal Rules of Civil Procedure, Defendants E. R. Squibb & Sons, L.L.C. and Bristol-Myers Squibb Co. (together, "BMS") and Defendant Dr. Tasuku Honjo (collectively, "Defendants") respectfully request the Court dismiss this case based on Plaintiff Dana-Farber Cancer Institute's ("Dana-Farber") failure to join Ono Pharmaceutical Co., Ltd. ("Ono"), an owner of the patents-in-suit and an indispensable party.  Dana-Farber's failure to join Ono in this case is due to a lack of personal jurisdiction over Ono – a matter that is the subject of Ono's co-pending motion to dismiss pursuant to Rule 12(b)(2).[1]

Dana-Farber's complaint challenges the inventorship of the five subject patents.  A ruling for Dana-Farber would diminish Ono's ownership interest in the patents, and could eviscerate Ono's ability to pursue damages for any direct or indirect infringement of the patents.  Moreover, a ruling for Dana-Farber could preclude Ono from asserting its patent rights against *any* infringer without the new named inventors consenting to join in the lawsuit.  Yet due to Dana-Farber's failure to plead any salient facts supporting personal jurisdiction over Ono, Dana-Farber intends to prosecute its case despite the absence of the primary stakeholder in the result.  This is precisely the scenario that Rule 19 is designed to prevent.

Rule 19 of the Federal Rules of Civil Procedure ensures that all parties required to participate in a dispute are joined, if feasible.  Where it is not feasible for a required party to join, the Rule also provides a set of equitable factors for the Court to consider in order to determine, in

---

[1] This motion to dismiss is the third of three motions filed together by Defendants.  In addition to this motion to dismiss under Rule 19, there are two co-pending motions filed contemporaneously herewith and incorporated by reference: (1) a motion to dismiss for lack of personal jurisdiction over Ono Pharmaceutical Co. Ltd. ("Ono"), which is a predicate for the current motion (*see* Ono Pharmaceutical Co., Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction); and (2) a motion to transfer to District of Delaware (*see* Defendants Tasuku Honjo, E. R. Squibb & Sons, L.L.C. and Bristol-Myers Squibb, Co.'s Motion to Transfer).

fairness, whether a case ought to be dismissed.  Both the First Circuit and the Federal Circuit

(applying First Circuit joinder law) support dismissal when a non-party patent owner is at risk of

losing some or all of its patent rights with no opportunity to be heard.  This is particularly true

where, as here, there is another available jurisdiction in which all interested parties may be heard.

Granting Defendants' motion to dismiss would protect the patent owner's interests, but it

would not deprive Dana-Farber of its day in Court—it would simply require Dana-Farber to

bring its inventorship challenge in a court in which Ono can properly be included as a party.

Based on preexisting litigation brought by Ono and Defendants in the District of Delaware,

Dana-Farber's path to its day in court is clearly lit.  Over a year prior to Dana-Farber's complaint

in this case, Defendants and Ono, together, initiated what became a series of patent infringement

litigations over three of the five patents at issue here, in the District of Delaware (the "Delaware

Cases").  Dana-Farber is not unfamiliar with the Delaware Cases.  In fact, Dana-Farber already

attempted to take advantage of those cases for discovery purposes here.  D.I. 43 at 5.  And the

inventorship allegations at issue here have been raised in the Delaware Cases through discovery

requests that cite directly to this litigation.

Whether the Court dismisses this case under Rule 19(b), or instead exercises its discretion

to transfer the case to the District of Delaware for the reasons set forth in Defendants' co-pending

motion to transfer, the result is the same—there is no harm to Dana-Farber, the risk of unfair

prejudice to Ono is avoided, and all interested parties are permitted to represent their interests in

the patents-in-suit.[2]

---

[2] As stated in the contemporaneously-filed motion to transfer, the motions to dismiss for
lack of personal jurisdiction and for failure to join an indispensable party are only necessary in
the event the Court determines that transfer is not appropriate.  In that case, once the Court
determines Ono's motion relating to personal jurisdiction, it can then turn to the questions posed
herein concerning whether Ono is a required and indispensable party.  For the Court's

## II.    STATEMENT OF FACTS

### A.      The Parties

Ono is a Japanese pharmaceutical company committed to pursuing the discovery and development of life-saving treatments that satisfy unmet medical needs.[3]  Ono is organized under the laws of Japan, with its headquarters located in Osaka, Japan.  Ono is an assignee and owner of each of the patents-in-suit, three of which are currently being litigated in the Delaware Cases.

BMS is a global biopharmaceutical company committed to discovering, developing and delivering innovative medicines that help patients prevail over serious diseases.[4]  BMS is a licensee of the patents-in-suit.

Dr. Honjo, the first named inventor on the patents-in-suit, is an individual inventor domiciled in Japan.  He is currently employed by Kyoto University, in Kyoto, Japan.

Dana-Farber is a Massachusetts non-profit corporation with a place of business at 450 Brookline Avenue, Boston, Massachusetts.  D.I. 1, ¶ 11.

### B.      The Honjo Patents

Dana-Farber challenges the inventorship of five patents directed to revolutionary and life-saving methods of cancer treatment:  U.S. Patents Nos. 7,595,048 (the "'048 patent"), 8,168,179 (the "'179 patent"), 8,728,474 (the "'474 patent"), 9,067,999 (the "'999 patent"), and 9,073,994 (the "'994 patent")—collectively referred to herein as the "Honjo Patents" or "patents-in-suit." The inventions disclosed and claimed in the Honjo Patents relate to revolutionary and life-saving methods for treating cancer using an antibodies that target a protein called PD-1 (programmed

---

convenience, and in order to avoid unnecessary delay, Defendants file the instant motion now, to assist the Court's consideration of all of the relevant issues together.

[3] Ono, About Ono (Ex. 1).  "Ex." refers to the exhibits attached to the Declaration of Melissa R. Gibson, filed herewith.

[4] BMS, 2016 Our Company at 1 (Ex. 2).

cell death 1) and its ligands PD-L1 and PD-L2.  The five patents-in-suit substantively share the same specification and depend from the domestic parent application that resulted in the '048 patent.  Each of the four subsequent patents issued from serial divisional applications.

Defendants and Ono put the breakthrough invention of the Honjo Patents into practice by developing an anti-PD-1 antibody drug called nivolumab (tradename OPDIVO®).  Nivolumab became the first anti-PD-1 antibody approved anywhere in the world for treating cancer, when Japanese regulatory authorities approved nivolumab for treating melanoma in July 2014.[5]  Since that time, nivolumab has been approved in the United States and in many countries around the world for treating not only melanoma, but also non-small cell lung cancer and renal cell carcinoma.[6]  BMS and Ono are continuing the worldwide development of nivolumab for treatment of a broad range of cancers, including head and neck cancer, glioblastoma, and non-Hodgkin lymphoma.[7]

### C.        The Ownership of and Interest in the Honjo Patents

Each of the five patents-in-suit shares the same four inventors:  Dr. Tasuku Honjo, Nagahiro Minato, Yoshiko Iwai and Shiro Shibayama.  Inventors Minato, Iwai and Shibayama each assigned their rights to Dr. Honjo and Ono.  Dr. Honjo then licensed certain of his rights in the patents to Ono.  Based on Ono's ownership and rights in all five of the patents-in-suit, Ono

---

[5] Press Release, Ono, Human Anti-human PD-1 Monoclonal Antibody "OPDIVO® Intravenous Infusion 20 mg/100 mg" Receives Manufacturing and Marketing Approval in Japan for the Treatment of Unresectable Melanoma, Ono Pharmaceutical Co., Ltd. (July 4, 2014) (Ex. 3).

[6] Dec. 22, 2014 FDA Approval Letter for Melanoma at 1 (Ex. 4); Mar. 4, 2015 FDA Approval Letter for Lung Cancer at 1 (Ex. 5); Nov. 23, 2015 FDA Approval Letter for Renal Cell Carcinoma at 1 (Ex. 6); Press Release, BMS, CheckMate 025, a Pivotal Phase III Opdivo (nivolumab) Renal Cell Cancer Trial, Stopped Early (July 20, 2015) (Ex. 7).

[7] Amended Complaint at 5, *Bristol-Myers Squibb Co., v. Merck & Co., Inc.*, No. 14-1131 (D. Del. Nov. 11, 2014) (Ex. 8).

granted Bristol-Myers Squibb Co. an exclusive license to the '048, '474, '999 and '994 patents, but only a non-exclusive license to the '179 patent.[8]

## III.    APPLICABLE LAW

### A.        Motions to Dismiss Under Rule 12(c)

After the pleadings are closed, a party may raise the defense of failure to join a party required by Rule 19(b) in a motion for judgment on the pleadings under Rule 12(c).  *See* Fed. R. Civ. P. 12(h)(2)(B); *see also, e.g.*, *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 465 (D. Mass. 2011).  In ruling on a motion for judgment on the pleadings, "[t]he Court must consider the well-pleaded facts 'in the light most favorable to the non-moving party' and 'draw[] all reasonable inferences in its favor.'"  *Terumo Ams. Holding, Inc. v. Tureski*, No. CV 14-13838-DJC, 2015 U.S. Dist. LEXIS 97592, at *2 (D. Mass. July 27, 2015) (quoting *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008)).  "Legal conclusions are ignored and, 'under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations."  *Sarvis v. Polyvore, Inc.*, No. CV 12-12233-LTS, 2015 U.S. Dist. LEXIS 140415, at *4-5 (D. Mass. Aug. 24, 2015) (quoting *Class v. Commonwealth of Puerto Rico*, 309 F. Supp.2d 235, 236 (D.P.R. 2004)).

Joinder is not an issue unique to patent law, so the law of the First Circuit applies.  *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1220 (Fed. Cir. 2010).

A motion to dismiss for failure to join an indispensable party is governed by Rule 19, which furthers, *inter alia*, "the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them."  *Picciotto v. Cont'l Casualty Co.*, 512 F.3d 9, 15-16 (1st Cir. 2008).  In order to prevail on a motion to dismiss under Rule 19, a party must show that the absent party is both "required" under Rule 19(a) and "indispensable" under Rule 19(b).

---

[8] *See* July 11, 2014 Letter Agreement at 1 (Ex. 9); *see also* D.I. 47-1, ¶ 15; D.I. 47-2, ¶ 15.

### B.      A "Required Party" Under Rule 19(a)[9]

Rule 19(a) provides that "if feasible" a non-party "must be joined as a party" if:

> (A)      in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)      that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i)      as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If a party is determined to be a "required party" under Rule 19(a), but cannot be joined, then the analysis proceeds to Rule 19(b) to determine whether the required party is an indispensable party, warranting dismissal.

### C.      An "Indispensable Party" Under Rule 19(b)

If it is not feasible to join the "required party," then "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  If the Court determines the case should be dismissed, the "required party" is said to be "indispensable."  *See Downing,* 806 F. Supp. 2d at 466.  Rule 19(b) recites four factors "for the court to consider" in making this determination:

> (1)      The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2)      The extent to which any prejudice could be lessened or avoided by:
>
>> (A)      protective provisions in the judgment;

---

[9] After the 2007 amendments to Rule 19, the terminology changed from what was previously referred to as a "necessary party" to the current nomenclature of a "required party" under Rule 19(a).

(B)    shaping the relief; or

(C)    other measures;

(3)    whether a judgment rendered in the person's absence would be adequate; and

(4)    whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).  "These factors implicate many of the same practical judgments required by the Rule 19(a) determination."  *Picciotto*, 512 F.3d at 18, note 13.

### D.    The Remedy for an Inventorship Challenge Under 35 U.S.C. § 256

The inventors named on a patent are presumed to be the "true and only inventors" of the patent.  *Falana v. Kent State Univ.*, 669 F.3d 1349, 1356 (Fed. Cir. 2012).  35 U.S.C. § 256 creates a cause of action to challenge the inventorship of a patent in federal court for situations in which a person was improperly named as an inventor (known as "misjoinder") or was erroneously left off the list of named inventors (known as "nonjoinder").  *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004).  If the court finds misjoinder or nonjoinder, it may order the USPTO to correct the patent to save it from being rendered invalid. *See* 35 U.S.C. § 256.

A change in inventorship has significant consequences for the rights of all named inventors.  "When . . . multiple inventors are listed on the face of the patent, each co-owner 'presumptively owns a pro rata undivided interest in the entire patent, no matter what their respective contributions.'"  *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007) (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). Consequently, the addition of a new named inventor has a significant impact on the value of the other inventors' interests.  Furthermore, a co-owner of a patent may not establish standing to sue without joining all other co-owners.  *Id.* at 1264. This means that a "co-owner has the right to

7

limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit." *Id.* (citations omitted)

## IV.    THIS CASE SHOULD BE DISMISSED FOR FAILURE TO JOIN ONO, AN INDISPENSABLE PARTY AND OWNER OF THE HONJO PATENTS

Dana-Farber's complaint purports to call into question the inventive entities, and therefore ownership, of the life-saving technology claimed in the Honjo Patents.  The allegations set forth in the complaint attack the very origin of the inventive work set forth in the Honjo Patents.  If this Court grants Ono's 12(b)(2) motion to dismiss for lack of personal jurisdiction, Dana-Farber's fundamental attack on Ono's patents will be adjudicated in Ono's absence.  This is precisely the sort of situation that Rule 19 was designed to avoid.  Because Ono is a required and indispensable party under Rule 19, this case should be dismissed.

### A.    Ono Is a "Required Party" Under Rule 19(a)

Dana-Farber cannot seriously dispute that Ono, as a patent owner, is a required party under Rule 19(a).  In situations where, as here, a patent owner grants to others significant portions of its patent rights, both patent owners and exclusive licensees are "required parties" under Rule 19(a).  *See, e.g., Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) ("[f]or the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee").  Indeed, the scope of a "required party" in Rule 19(a) explicitly includes one who, like a patent owner, "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a).  If Ono is not involved in the inventorship challenge over its patents, it will have ***no ability*** to protect its interests.  Ono's interests fall squarely within the scope of Rule 19(a)(i).

### B.      Ono Is an Indispensable Party under Rule 19(b)

As a matter of fairness, this dispute over the inventorship (and therefore ownership) of the Honjo Patents should not be permitted to proceed without Ono.  Rule 19(b) sets out a four-factor test to determine whether a party is indispensable.  "[T]he specified factors[, however,] do not constitute an exhaustive canvass, and a court may take into account other considerations in determining whether or not to proceed without the absentee as long as they are relevant to the question of whether to proceed in 'equity and good conscience.'"  *B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 23 (Fed. Cir. 2008) (quoting *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1369 (Fed. Cir. 1999)); Fed. R. Civ. P. 19, advisory committee notes ("The factors . . . are not intended to exclude other considerations which may be applicable in particular situations.")).  "In the end, the indispensability analysis involves 'the balancing of competing interests' and 'must be steeped in pragmatic considerations.'"  *B. Fernandez*, 516 F.3d at 23 (quoting *in re Olympic Mills Corp.*, 477 F.3d 1, 9 (1st Cir.2007)).

All four factors weigh in favor of Ono being found an indispensable party:  a ruling in Dana-Farber's favor would significantly diminish the value of Ono's patents; the remedy under § 256 cannot be crafted to reduce the injury to Ono; proceeding in this court, without Ono, increases the potential for duplicative proceedings and inconsistent results; and Dana-Farber can still bring its inventorship challenge in the District of Delaware if the Court dismisses this case.  Underlying this analysis is a broader pragmatic concern that also favors dismissal under Rule 19(b):  despite a readily-available forum for resolving this dispute among all interested parties, Dana-Farber chose to file this case in the District of Massachusetts, where the Court does not have personal jurisdiction over a key interested party.  If the Court dismisses this case there will be no prejudice to Dana-Farber because it can re-file its complaint in the District of Delaware, where Ono has conceded to personal jurisdiction in the Delaware Cases.

### 1.     *Any adverse judgment would substantially prejudice Ono's rights*

If Dana-Farber succeeds in its inventorship challenge, Ono's rights in the patents-in-suit will undoubtedly be diminished.  As discussed in section III.D *supra*, adding the two individuals identified by Dana-Farber as named inventors on the patents will grant those individuals equal pro rata shares in the ownership of the patents.  Judgment for Dana-Farber in this case, therefore, would drastically reduce the value of Ono's patent rights.  Moreover, a judgment for Dana-Farber would also prevent Ono from enforcing its patent rights without joining the newly-named individuals as plaintiffs, thereby disrupting the current infringement proceedings in the District of Delaware.  *See Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007).  Judgment for Dana-Farber would therefore have a significant impact on Ono's patent rights, despite Ono being absent from the lawsuit.  And because Ono's rights are not identical to those held by BMS and Dr. Honjo, the prejudice to Ono cannot be mitigated by the other defendants' participation in this suit.  *Compare Ali v. Carnegie Inst. of Wash.*, 306 F.R.D. 20, 29-30 (D.D.C. 2014) (distinguishing *Univ. of Utah*, and finding a necessary party indispensable in an inventorship because its interests overlapped, but were not identical to the parties in the case) *with Univ. of Utah v. Max–Planck–Gesellschaft Zur Forderung Der Wissenschaften E.V.*, 734 F.3d 1315, 1326 (Fed. Cir. 2013) (finding no prejudice in an inventorship dispute in which the absent party's interests were identical to the parties in the case).[10]  As discussed in Section II.C., Ono has granted BMS a non-exclusive license to the '179 patent and, thus, has retained

---

[10] In the *University of Utah* case, the court lacked personal jurisdiction over the University of Massachusetts based on issues of sovereign immunity, which left the plaintiff in that suit without an alternative forum.  *Id.* at 1328.  The present case is further distinguishable from that case because, as discussed in § IV.B.4 *infra*, there is an alternative forum readily available to Dana-Farber—the District of Delaware.

substantial rights at least to the '179 patent.[11]  *See* D.I. 47-1, ¶ 15; D.I. 47-2, ¶ 15.  Furthermore,

although Ono, BMS and Dr. Honjo may share some overlapping interest in the patents in suit,

they are interests cannot be identical because they are unrelated, distinct entities.  *See Ali,* 306

F.R.D. at 29 (finding that a lack of a parent-subsidiary relationship between patent owners

indicated that the co-owners interests overlapped, but were not identical).

This first factor weighs heavily in favor of dismissal.

### 2.      *There is no way to lessen or avoid that prejudice*

The nature of the remedy available under 35 U.S.C. § 256 precludes this Court from

shaping the relief in a way that reduces the prejudice to Ono.  Section 256 is a blunt instrument:

should Dana-Farber win its inventorship challenge, the Court may order the USPTO to add

Dana-Farber's own researchers to the patents.  *See, e.g.*, *Stark v. Advanced Magnetics, Inc.*, 119

F.3d 1551, 1554 (Fed. Cir. 1997).  Thus, there is no way to shape relief, much less a way to

reshape relief in a manner that avoids prejudice to Ono.

As the prejudice to Ono cannot be mitigated, this second factor weighs heavily in favor of

dismissal.

### 3.      *Judgment rendered in Ono's absence will not be adequate*

If this case proceeds, there is a significant risk of inconsistent rulings between this Court

and the Delaware Cases, thus rendering any remedy in this case inadequate under Rule 19(b)(3).

This factor considers whether an adequate judgment can be rendered absent a required party.  *B.*

*Fernandez*, 516 F.3d at 25.  In this context, adequacy is defined as encompassing "the interest of

the courts and the public in complete, consistent, and efficient settlement of controversies.'"

*Picciotto*, 512 F.3d at 18 (citing *Provident Tradesmens Bank & Trust Co., v. Patterson*, 390 U.S.

102, 111 (1968).

---

[11] *See supra* note 8 (Ex. 9).

The only way to effect complete, consistent and efficient settlement in this case is to dismiss all parties, and have Dana-Farber re-file its inventorship claim in the District of Delaware, where three cases involving three of the patents-in-suit, every named defendant, and similar issues are already pending.  In those cases, the district court is already learning the complex technology claimed in the Honjo Patents and claim construction is underway.  Dana-Farber's proposed course would subject the same claims, and possibly the same disputed terms, to be construed by two separate courts.  *See Trovan, Ltd. v. Sokymat Sa*, 299 F.3d 1292, 1304 (Fed. Cir. 2002) ("[T]he district court did not conduct an independent claim construction analysis, which is the first step in determining inventorship.").  In addition to an inefficient use of judicial resources, Dana-Farber's proposed course runs the risk of two legally conflicting rulings on claim construction.  An inconsistent claim construction decision that may require adjudication and reconciliation by the Federal Circuit would not support an "adequate" judgment in this case.  *See B. Fernandez*, 516 F.3d at 26 (possibility of inconsistent judgments weighs against adequacy); *see also, e.g.*, *Navico Inc. v. Garmin Int'l, Inc.*, No. 14-CV-0303-CVE-TLW, 2016 U.S. Dist. LEXIS 5273 (N.D. Okla. Jan. 15, 2016) ("[I]t would not promote judicial economy or the interests of the parties to issue rulings that will eventually have to be reconsidered in light of a ruling by the Federal Circuit.").  To the contrary, it would introduce uncertainty, increase judicial and party costs, and risk tremendous inefficiency.

In addition to the potential issues with two contemporaneous claim construction proceedings, there is a risk of further inefficiency and conflicting results with two courts potentially deciding the same inventorship challenge over the same patents.  The accused infringers in the Delaware Cases, propounded discovery requests concerning inventorship based on the facts alleged in the complaint in this case.  If this case proceeds, there is a significant

chance that all of the time and resources expended by both the Court and the parties will be

wasted or, at minimum, highly duplicative of efforts underway in another district.  Following

First Circuit guidance on the pragmatic considerations of the Rule 19(b) analysis, it makes little

sense to proceed in this manner.  *See Picciotto*, 512 F.3d at 15 ("In proceeding with its inquiry

into both necessity and indispensability, a district court should keep in mind the policies that

underlie Rule 19, 'including the public interest in preventing multiple and repetitive

litigation . . . .' ") (quoting *Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir. 1982)).

Federal Circuit precedent (applying First Circuit law) also favors dismissal under these

circumstances.  In *A123 Systems*, the court was faced with the question of whether to proceed

with litigation without the patent owner, or to yield jurisdiction to another case in a court that had

jurisdiction over all of the interested parties.  *A123 Sys.*, 626 F.3d at 1261-62.  The court

"exercised its broad discretion to yield jurisdiction over A123's first-filed declaratory judgment

suit to a later-filed suit in which all of the necessary parties were joined."  *Id.*  Even in

circumstances in which the Rule 19(b) motion was raised in the ***earlier*** case, as opposed to here,

where it is raised in a later-filed case, prudent case management warrants dismissal in favor of

another jurisdiction where resources will be devoted to resolving the issue among all interested

parties, without the risk of inconsistent determinations.[12]

Based on these considerations of efficiency and the risk of an inconsistent, and therefore

uncertain, judgment, the third factor weighs in favor of dismissal.

---

[12] In *A123 Systems*, the later-filed case with all interested parties also involved the
plaintiff from the earlier-filed case.  That is unlike the situation here, where Dana-Farber is not
directly involved in the Delaware Cases.  However, Dana-Farber's complaint provided the
impetus for inventorship-related discovery requests in the Delaware cases.

### 4. *The plaintiff has a readily-available forum in Delaware*

The fourth factor weighs heavily in favor of dismissal; there is no harm or prejudice to Dana-Farber if this case is dismissed because it has a readily-available forum in the District of Delaware. That forum is not only available to Dana-Farber, but also well-positioned to address the inventorship issues based on the three pending Delaware Cases. Judge Sleet, who in all likelihood would be assigned to this case if brought in Delaware, will be presiding over the highly-technical issues inherent to claim construction and inventorship in the Delaware Cases. There is no reason to have two courts devote significant resources to this highly complex, technical work and to further inject the risk of inconsistent rulings concerning the scope and inventorship of the patent claims at issue.

Dana-Farber's conduct in this case further confirms the District of Delaware is an available and more appropriate forum for this dispute. Despite its refusal to refile this case in Delaware, Dana-Farber has attempted to use the Delaware Cases as leverage to shape discovery in this case. In the Joint Rule 26 Statement, Dana-Farber not only cites to the Delaware Cases, but also asks this Court to use the scope of discovery in those cases to expand discovery in this case. D.I. 43 at 5. In so doing, Dana-Farber seeks to take advantage of the Delaware Local Rules and standards of practice, while keeping the case in this district. Dana-Farber cannot dispute the District of Delaware is a readily-available forum when it has already attempted to use the Delaware Cases as an excuse to play by Delaware rules.

For these reasons, and those set forth in the co-pending motion to transfer, the fourth factor favors dismissal in view of the readily-available forum in Delaware.

## V. CONCLUSION

Defendants BMS and Dr. Honjo respectfully request that the Court grant their motion to dismiss this case for failure to join an indispensable party.

Respectfully submitted,

Dated:  February 10, 2016                     /s/ Amy Wigmore

Kevin S. Prussia (BBO #666813)
*kevin.prussia@wilmerhale.com*
Kelli J. Powell (BBO #682079)
*kelli.powell@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Amy Wigmore (BBO #629725)
*amy.wigmore@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6096
Fax: (202) 663-6363

Dianne B. Elderkin (*pro hac vice*)
*delderkin@akingump.com*
Steven D. Maslowski (*pro hac vice*)
*smaslowski@akingump.com*
Matthew A. Pearson (*pro hac vice*)
*mpearson@akingump.com*
Melissa Gibson (*pro hac vice*)
*mgibson@akingump.com*
Jason Weil (*pro hac vice*)
*jweil@akingump.com*
Akin Gump Strauss Hauer &
Feld LLP
Suite 4100
Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7013
Tel: (215) 965-1200
Fax: (215)965-1238

Emily C. Johnson (*pro hac vice*)
johnsone@akingump.com

15

Rachel J. Elsby (*pro hac vice*)
*relsby@akingump.com*
Akin Gump Strauss Hauer &
Feld LLP
1333 New Hampshire Avenue
Washington, DC 20036
Tel: (202) 887-4000

*Counsel for Tasuku Honjo, E. R. Squibb &
Sons, L.L.C. and Bristol-Myers Squibb Co.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document, filed through the ECF system, will be sent electronically to the registered participants of record as identified on the Notice of Electronic Filing on February 10, 2016.

/s/ Amy Wigmore

Amy Wigmore (BBO #629735)
