```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DANA-FARBER CANCER INSTITUTE, INC.,  )
     Plaintiff                       )
                                     )
          v.                         )
                                     )  C.A. No. 15-13443-MLW
ONO PHARMACEUTICAL CO., LTD., TASUKU )
HONJO, E.R. SQUIBB & SONS, L.L.C.,   )
and BRISTOL-MYERS SQUIBB, CO.,       )
     Defendants.                     )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                            May 2, 2016

In this case, plaintiff Dana-Farber Cancer Institute, Inc. ("Dana-Farber") seeks to correct inventorship of five patents. Defendants Ono Pharmaceuticals, Ltd. ("Ono"), Tasuku Honjo ("Honjo"), and E.R. Squibb & Sons, L.L.C. and Bristol-Myers Squibb, Co. (collectively "BMS") have moved to transfer this case to the District of Delaware, where they are litigating earlier-filed cases involving three of the five patents at issue here. Dana-Farber opposes that motion.

The court finds that there is a likelihood of substantial overlap between the instant case and the Delaware litigation. However, the Delaware court is best suited to assess the extent of this overlap and determine whether transfer would be in the interest of justice. Therefore, the defendants are being ordered to file promptly a motion requesting a decision from the District of Delaware concerning whether this case should be transferred to

that District. If the court in Delaware finds that it is most appropriate that this case proceed in tandem with the Delaware litigation, this court will order that it be transferred pursuant to 28 U.S.C. §1404(a). This case is being stayed pending resolution of that issue.

I.  BACKGROUND

On September 25, 2015, Dana-Farber filed this action in the District Court of Massachusetts seeking to correct inventorship of five cancer immunotherapy patents (the "Honjo patents"). The Honjo patents are assigned to Ono and Honjo and licensed to BMS. Dana-Farber alleges that its employee, Dr. Gordon Freeman, and a collaborating scientist, Dr. Clive Wood, are joint inventors of the methods described in the Honjo patents. It further alleges that, as Dr. Freeman's assignee, it is a co-owner of the Honjo patents. Pursuant to a joint agreement, BMS and Honjo answered the complaint on December 21, 2015. Dana-Farber served its first discovery requests on BMS and Honjo in January 2016.

The Honjo patents are also being litigated in the District of Delaware. On September 4, 2014, June 30, 2015, and July 7, 2015, Ono, Honjo, and BMS filed three actions against Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck"). The three actions have not been consolidated, but have been coordinated to have identical pretrial schedules. Together, the three complaints allege that Merck has infringed three of the five Honjo patents.

2

In its defense, Merck asserts, among other things, that the Honjo patents are invalid.

On February 10, 2016, Ono, Honjo, and BMS moved to transfer this case brought by Dana-Farber in Massachusetts to Delaware, where it could be coordinated with the three pending infringement cases. See Docket No. 50. Alternatively, they moved to dismiss for lack of personal jurisdiction and failure to join a necessary party, without prejudice to Dana-Farber refiling in the District of Delaware. See Docket Nos. 53, 56. Dana-Farber opposes all three motions on the grounds that the District of Delaware would not have jurisdiction and, in any event, transfer is not in the interest of justice. BMS and Honjo have not responded to discovery requests, and have moved to stay this case until the motion to transfer and motions to dismiss are decided. See Docket No. 80.

On February 19, 2016, Merck, the defendant in the Delaware cases, served subpoenas on Dana-Farber and its employee, Dr. Freeman. Merck seeks documents relating to the invention of the methods described in the Honjo patents. In response, Dana-Farber moved to modify the subpoenas by postponing the reply date until BMS and Honjo responded to its January, 2016, discovery requests. See 16-mc-91097, Docket No. 1. Dana-Farber argues that any information disclosed to Merck will reach Ono, Honjo, and BMS though the Delaware litigation, prejudicing its ability to prosecute this Massachusetts case. Merck argues that it needs the

3

requested documents to conduct depositions before discovery closes, on May 27, 2016, in the Delaware litigation.

Its present procedural posture complicates both this case and the three Delaware cases. Merck asserts that it will be prejudiced if it does not receive a timely response from Dana-Farber. Dana-Farber asserts that it will be prejudiced if it does not first receive discovery from BMS and Honjo. Ono, Honjo, and BMS assert that they will be prejudiced if litigation proceeds in parallel in two districts.

In these circumstances, threshold issues are whether this case should be litigated in Massachusetts or Delaware, and which court should decide that question.

II. LEGAL STANDARD

"As between federal district courts . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 729 (5th Cir. 1985). Accordingly, pursuant to 18 U.S.C. 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to

any district or division to which all parties have consented." See TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 8 n.2 (1st Cir. 1987); see also In re Medrad, Inc., 215 F.3d 1341 (Fed. Cir. 1999) ("[I]t is within the district court's discretion to transfer a related case in the interest of justice to a forum that may not be more convenient [to the parties].").

When two suits in different districts are identical, or nearly so, "the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, 91 F.3d at 4; Cianbro, 814 F.2d at 11 ("Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision."). "But where the overlap between two suits is less than complete," the decision whether to transfer and consolidate or to proceed in parallel "is made case by case . . . based on such factors as the extent of overlap, the likelihood of conflict, [and] the comparative advantage and the interest of each forum in resolving the dispute." TPM Holdings, 91 F.3d at 4 (citing Colorado River, 424 U.S. at 817). "Complete identity of neither the parties nor of the lawsuit itself is required for dismissal or transfer of a case filed subsequently to an action with substantial overlap of substantive issues." Harris Cty., Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 319 (5th Cir. 1999).

The decision as to whether there is sufficient overlap to warrant transferring a case is generally made by "the jurisdiction first seized of the issues." W. Gulf Mar. Ass'n, 751 F.2d at 730 (quoting Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 408 n. 6 (5th Cir. 1971)); Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999); Boston & Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986). Accordingly, while the court in the later-filed action may decide whether there is a "likelihood of substantial overlap," the court in the first-filed action should determine "whether there actually [is] substantial overlap.'" Boston & Maine Corp., 110 F.R.D. at 329 (emphasis in original) (quoting W. Gulf Mar. Ass'n, 751 F.2d at 730).[1]

III. DISCUSSION

There is some overlap between the instant action and the three Delaware cases. There is overlap in the subject matter. Three of

---

[1] The First Circuit has neither adopted nor rejected the Fifth Circuit's approach in West Gulf and Cadle. See In re Atlas IT Exp. Corp., 761 F.3d 177, 188 (1st Cir. 2014), cert. dismissed sub nom. Pinpoint IT Servs., LLC v. Rivera, 135 S. Ct. 1758 (2015). However, as in the past, this court finds that it is most appropriate to permit the court in Delaware, which has the greater familiarity with the issues and whose earlier-filed cases will be impacted, to decide, as a practical matter, whether these related cases should all be litigated in Delaware. See Boston & Maine Corp., 110 F.R.D. at 329.

the five patents at issue in this case are also being litigated in Delaware. The court in Delaware will need to construe the relevant claims in those patents. Its claim construction will also be the "first step in determining inventorship" in this Massachusetts case. Trovan, Ltd. v. Sokymat SA, Irori, 299 F.3d 1292, 1304 (Fed. Cir. 2002). In addition, as Ono, BMS, and Honjo are parties to all four cases, there is overlap in the parties.

This overlap raises concerns about the "ills" of duplicative litigation. W. Gulf Mar. Ass'n, 751 F.2d at 729. Both this court and the court in Delaware may be required to hear evidence and make decisions regarding the invention of the methods described in the Honjo patents. The resources of the courts and the parties devoted to these issues may be increased by duplicative litigation. See Cianbro, 814 F.2d at 11. Significantly, parallel litigation of the same or similar issues could lead to inconsistent findings regarding the contruction of claims and, ultimately, the inventorship and ownership of the patents. Such a result "would create conflicting obligations with regard to the issues addressed by the court." See Boston and Maine Corp., 110 F.R.D. at 329.

Parallel litigation also may result in piecemeal resolution of related issues. If Dana-Farber succeeds in having Dr. Freeman and Dr. Wood added as a joint inventors of the Honjo patents, it may have a claim of joint ownership over the patents. See Israel Bio-Eng'g Project v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir.

7

2007). Any such claim, if established, could make Dana-Farber a necessary plaintiff in the Delaware cases. See id. ("Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing.").

In view of the foregoing, the court finds that there is a likelihood of substantial overlap between the instant case and the Delaware cases. It is, therefore, most appropriate that the Delaware court should, in effect, make the "ultimate determination" of whether this case should be transferred and consolidated with the Delaware cases or should proceed independently. W. Gulf Mar. Ass'n, 751 F.2d at 730; see also Boston & Maine Corp., 110 F.R.D. at 329. The District of Delaware was "first seized" of the issues relating to the invention of the methods described in the Honjo patents. See W. Gulf Mar. Ass'n, 751 F.2d at 730. The Delaware court is also best able to decide if it would have jurisdiction over Dana-Farber's claims.

Accordingly, the court is ordering Ono, Honjo, and BMS to file promptly a motion in the District of Delaware requesting a decision on whether transfer of this case to that district would be in the interest of justice. The issue has been fully briefed in this court. The court expects that the court in Delaware will be able to rely on this briefing and, if necessary, provide Dana-Farber and Ono, Honjo, and BMS the opportunity to be heard further. If the Delaware court decides that transfer would be appropriate,

this court will order the transfer of this case to the District of Delaware pursuant to 28 U.S.C. §1404(a). This case is being stayed pending that decision.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendants shall file promptly a motion in the District of Delaware requesting a decision concerning whether a transfer of this case by this court to the District of Delaware is appropriate. The parties shall promptly report that decision to this court.

2. Defendants' Motion to Stay (Docket No. 80) is ALLOWED and this case is STAYED pending further order of this court.

_____
UNITED STATES DISTRICT JUDGE