UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC., <br>     Plaintiff, <br><br> v. <br><br> ONO PHARMACEUTICAL CO., LTD., ET AL., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-13443-MLW <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                October 30, 2017

Plaintiff Dana Farber Cancer Institute, Inc. ("Dana Farber") is suing to correct inventorship, under 35 U.S.C. §256, of six U.S. Patents claiming methods of treating cancer through immunotherapy. It seeks a declaration that Drs. Gordon Freeman and Clive Wood are the inventors and an order that United States Patent and Trademark Office name them as such. Dana Farber has standing with regard to Dr. Freeman because it is the assignee of his rights to the patents. On April 18, 2017, the court set a schedule for discovery, which is proceeding pursuant to a May 12, 2017 Protective Order. The parties have each filed a motion to compel the other to produce certain discovery. See Docket Nos. 142 & 159. The court is scheduling a hearing to address these motions, among other things.

Dana Farber also filed assented-to motions to seal its opposition to defendants' motion to compel and to seal its own

motion to compel, supporting memorandum, and exhibits. See Docket Nos. 146 & 158). Dana Farber filed versions of those documents for the public record with limited redactions of confidential information as defined by the Protective Order. See Docket Nos. 155 & 162-64). Therefore, the motions to seal are being allowed.

On September 22, 2017, Pfizer Inc. and two of its subsidiaries, Wyeth LLC and Genetics Institute, LLC (collectively, "Pfizer"), moved to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b). The intervenors allege that Dr. Wood assigned his interest in the six patents at issue to Genetics Institute LLC, his employer at the time of invention. They allege that Pfizer Inc., as the successor of Genetics Institute LLC, is the assignee of Dr. Wood's interest in the patents. The parties have assented to the motion to intervene and request a status conference to address issues concerning discovery.

The court is allowing the motion to intervene. The court finds that, at a minimum, Pfizer has satisfied the requirements of Federal Rule of Civil Procedure 24(b) because its motion is timely and its claims have questions of law and fact in common with Dana Farber's. In particular, both Pfizer and Dana Farber allege that Dr. Wood collaborated with Dr. Freeman, among others, to conceive the inventions giving rise to the disputed patents and seek to correct inventorship of those patents.

"Whether standing is required for intervenors is an as yet unsettled question" in the First Circuit." Mangual v. Rotger-Sabat, 317 F.3d 45, 61 (1st Cir. 2003). However, the Supreme Court recently held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing" because "for all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a co-plaintiff, or an intervenor of right." Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017).

As the alleged owner of Dr. Wood's interest in the patents at issue, Pfizer Inc. has standing to seek to add Dr. Wood as an inventor. See Fina Oil & Chem. Co. v. Ewen, 123 F.3d 1466, 1471 (Fed. Cir. 1997). In addition, based on Town of Chester, 137 S. Ct. at 1651, it appears that Genetics Institute, LLC and Wyeth LLC may intervene without demonstrating that they have standing in their own right because they seek the same relief as Pfizer Inc. --to have Dr. Wood added to the patent as an inventor. Nevertheless, the parties should be prepared to address at the hearing whether all parties must have standing and, if so, whether that requirement is satisfied.

Accordingly, it is hereby ORDERED that:

1. The Motion to Intervene (Docket No. 150) is ALLOWED.

3

2. Dana Farber's Motions to Seal (Docket Nos. 146 & 158) are ALLOWED.

3. A hearing shall be held on December 1, 2017, at 2:00 p.m., to address, among other things, the motions to compel (Docket Nos. 142 & 162) and the issues raised in Dana Farber's Consent to Pfizer's Motion to Intervene and Request for Status Conference (Docket No. 157). The parties shall, by November 21, 2017, confer submit a proposed agenda for the hearing.

                                                               /s/ Mark L. Wolf
                                          UNITED STATES DISTRICT JUDGE