UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
DANA-FARBER CANCER INSTITUTE,       )
INC.,                               )
                                    )
                Plaintiff,          )
                                    )   Civil Action
v.                                  )   No. 1:15-cv-13443-PBS
                                    )
ONO PHARMACEUTICAL CO., LTD.,       )
TASUKU HONJO, E.R. SQUIBB & SONS,   )
L.L.C., AND BRISTOL-MYERS SQUIBB,   )
CO.,                                )
                                    )
                Defendants.         )
_____)
```

**MEMORANDUM AND ORDER**

March 23, 2021

Saris, D.J.

**INTRODUCTION**

Plaintiff Dana-Farber Cancer Institute, Inc. has submitted a Bill of Costs in the amount of $201,553.49 pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, and the Local Rules re Taxation. It prevailed at trial and on appeal. The Court assumes familiarity with the case. See Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co., 379 F. Supp. 3d 53 (D. Mass. 2019), aff'd, 964 F.3d 1365 (Fed. Cir. 2020).

Defendants have filed an objection to certain costs (Dkt. No. 438), and request that the clerk deduct $135,717.07.  The Court rules as follows:

1) The court denies the defendants' objections to costs attributable to deposition transcripts for trial witnesses listed on the witness list by any party, including Pfizer, which settled on the eve of trial without Dana-Farber's advance knowledge. Otherwise, I allow the objection to the deposition transcript costs of non-witnesses and any miscellaneous/incidental costs, which were not well explained. See Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd., 392 F. Supp. 3d 120, 136 (D. Mass. 2019) (denying costs where the court could not "determine whether it is appropriate to award costs for the . . . transcript").

2) The Court denies the costs of daily transcripts, but allows the copies at the regular rate of the three inventors involved in the dispute. Their testimony on direct and cross-examination was essential to closing arguments and the Court's findings of fact and law.

3) The Court allows the costs for the production of trial graphics introduced as exhibits, but not demonstratives or tutorials. While these graphics were very helpful in understanding the complex scientific issues in the case, the reach of Section 1920 is quite narrow in this circuit and under the Local Rules. See Local Rules re Taxation, at 4; Summit Tech., Inc. v. Nidek Co., Ltd., 435 F.3d 1371, 1375-36 (Fed. Cir. 2006) (applying First Circuit law to take a narrow view of "exemplification" under Section 1920(4)).

4. Finally, I disallow the costs for data hosting, extracting metadata, storage fees and the like. While the First Circuit has not directly addressed the issue in the e-discovery context, it has not permitted costs for overhead expenses for centralized litigation services. See In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 964 (1st Cir. 1993). What constitutes "exemplification" and "making copies" for purposes of Section 1920(4) is not defined in the statute. See 28 U.S.C. § 1920(4). The Federal Circuit interprets "exemplification" and "making copies" narrowly. See Summit Tech, 435 F.3d at 1375–36 (defining "exemplification" as "an official transcript of a public record, authenticated as a true copy for use as evidence" (cleaned up)); CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1326 (Fed. Cir. 2013). Under the narrow interpretation of "exemplification" and "making copies," it is unclear from Dana-Farber's Bill of Costs that the claimed $24,233.82 falls within the scope of Section 1920(4). None of Dana-Farber's specified activities, such as data hosting on the electronic database, extracting metadata from documents, monthly fees for data storage, etc., clearly fall under the narrow interpretation of either term.

Considering other, unspecified costs, Section 1920(4) does permit taxation of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." This is a difficult rule to apply in the context of e-discovery: What does

it mean to copy electronically? Federal Circuit precedent indicates that Section 1920(4) "allows recovery only for the reasonable costs of actually duplicating documents, not for the cost of gathering those documents as a prelude to duplication." CBT Flint Partners, 737 F.3d at 1326 (Fed. Cir. 2013) (citation omitted). This suggests that only costs stemming from actual duplication of documents, not related acts like selecting which documents to duplicate, are recoverable under the statute as costs of "making copies." See id.  Because the Bill of Costs does not set forth the expenses of copying separately to indicate which costs stem from copying, the request is denied.

## ORDER

Defendants' Motion for Disallowance of Costs (Dkt. No. 438) is **ALLOWED** in part and **DENIED** in part. Within 30 days, and after conferring with Defendants, Plaintiff should file a revised Bill of Costs with the Court.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge